**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Lois Schneider, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   11 C 5277 |
| | ) | |
| Stoneleigh Recovery Associates, LLC, | ) | |
| an Illinois limited liability company, and | ) | |
| Leddy Bear, Ltd., d/b/a Platinum Capital | ) | |
| Investments and LP Investments, a | ) | |
| Texas limited partnership, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Lois Schneider, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) parts of the acts and transactions occurred here; and, b) one Defendant is headquartered and resides here, and both Defendants transact business here.

**PARTIES**

3.     Plaintiff, Lois Schneider ("Schneider"), is a citizen of the State of Pennsylvania, from whom Defendants attempted to collect a delinquent consumer debt

owed for a JC Penney/GE Money Bank credit card.  These collection actions took place despite the fact that she had told the Defendants that she refused to pay the debt and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Stoneleigh Recovery Associates, LLC ("Stoneleigh"), is a Illinois limited liability company that, from its headquarters in Lombard, Illinois, acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Stoneleigh operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Stoneleigh was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Leddy Bear, Ltd., d/b/a Platinum Capital Investments and LP Investments ("LP"), is a Texas limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Defendant LP operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant LP was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant LP is a debt scavenger that buys up large portfolios of

delinquent consumer debts for pennies on the dollar, which it then seeks to collect through other debt collectors.

7.     Defendant Stoneleigh is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, <u>see</u>, record from the Illinois Secretary of State, attached as Exhibit <u>A</u>.  In fact, both Stoneleigh and LP conduct business in Illinois.

8.     Defendant Stoneleigh is licensed as a debt collection agency in the State of Illinois, <u>see</u>, record from the Illinois Division of Professional Regulation, attached as Exhibit <u>B</u>.  In fact, both Stoneleigh and LP act as collection agencies in Illinois.

**FACTUAL ALLEGATIONS**

9.     Ms. Schneider is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed to JC Penney/GE Money Bank.  At some point in time after that debt became delinquent, Defendant LP bought Ms. Schneider's JC Penney/GE Money Bank debt.  When Defendant LP began trying to collect this debt from her, by having another collection agency, First National Collection Bureau, Inc. ("FNCB") send her a collection letter, dated June 14, 2010, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant LP's collection actions.  A copy of FNBC's collection letter is attached as Exhibit <u>C</u>.

10.     Accordingly, on July 13, 2010, one of Ms. Schneider's attorneys at LASPD informed Defendant LP, in writing, through its agent, FNCB, that Ms. Schneider was represented by counsel, and directed LP to cease contacting her, and to cease all further collection activities because Ms. Schneider was forced, by her financial

3

circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Nonetheless, Defendant LP had Defendant Stoneleigh send Ms. Schneider a collection letter, dated May 16, 2011, which demanded payment of the JC Penney/GE Money Bank debt. A copy of this letter is attached as Exhibit E.

12. Accordingly, on May 25, 2011, Ms. Schneider's attorneys at LASPD had to inform Defendant LP again, this time through Defendant Stoneleigh, that its must cease collections and cease communications. Copies of this letter and fax confirmation are attached as Exhibit F.

13. The collection letters that LP had its outside debt collectors send to Ms. Schneider identified Defendant LP as "LP Investments, Inc." and LP Investments, Ltd."; however, this is not the correct name of LP, nor an appropriate registered assumed name, see, Westlaw corporate record, attached as Exhibit G.

14. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from

continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

18. Here, the letters from Ms. Schneider's agent, LASPD, told Defendants to cease communications and to cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

19. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

22. Defendants knew, or readily could have known, that Ms. Schneider was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant LP, in writing, through its agents, that Ms. Schneider was represented by counsel, and had demanded a cessation of communications with Ms. Schneider. By sending a collection letter to Ms. Schneider, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

23. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
## Violation Of § 1692g(a)(2)
## Failure To Identify Effectively The Current Creditor

24. Plaintiff adopts and realleges ¶¶ 1-15.

25. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to provide Ms. Schneider with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;", see, 15 U.S.C. § 1692g(a)(2).

26. Defendant's form collection letter leaves anyone, let alone the unsophisticated consumer, with no idea as to who the creditor actually is because LP Investments in neither the name, nor an appropriate assumed name, of the current creditor. Thus, Defendants' form collection letter violates § 1692g(2) of the FDCPA.

27. Defendants' violations of § 1692g of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT IV
## Violation Of § 1692e Of The FDCPA --
## Making False Statements

28. Plaintiff adopts and realleges ¶¶ 1-15.

29. Section 1692e of the FDCPA prohibits Defendants from making any false, deceptive or misleading statements in connection with the collection of any debt, see, 15 U.S.C. § 1692e.

30. Defendant's form collection letter, referencing an entity that does not legally exist as the current creditor, was false, deceptive or misleading, in violation of § 1692e of the FDCPA.

31. Defendants' violations of § 1692e of the FDCPA render them liable for

6

statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Lois Schneider, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Schneider, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Lois Schneider, demands trial by jury.

                Lois Schneider,

                By: /s/ David J. Philipps_____
                One of Plaintiff's Attorneys

Dated:  August 3, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com